# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GAYLE LEWANDOWSKI, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> FAMILY DOLLAR STORES, INC., <br><br> Defendant. | Civil Action No. 2:19-cv-00858-MJH <br><br> *ELECTRONICALLY FILED* |

### Fed. R. Civ. P. 26(f) REPORT OF THE PARTIES (CLASS ACTION)

1. **Identification of counsel and unrepresented parties.** Set forth the names, addresses, telephone and fax numbers and e-mail addresses of each unrepresented party and of each counsel and identify the parties whom such counsel represent:

   **COUNSEL FOR PLAINTIFF**

   R. Bruce Carlson
   bcarlson@carlsonlynch.com
   **CARLSON LYNCH LLP**
   1133 Penn Ave., 5th Floor
   Pittsburgh, PA 15222
   Phone: (412) 322-9243
   Fax: (412) 231-0246

   **COUNSEL FOR DEFENDANT**

   Joseph J. Lynett
   lynettj@jacksonlewis.com
   **JACKSON LEWIS P.C.**
   44 South Broadway, 14th Floor
   White Plains, NY 10601
   Phone: (914) 328-0404
   Fax: (914) 328-1882

   Jenna M. Decker
   jenna.decker@jacksonlewis.com
   **JACKSON LEWIS P.C.**
   1001 Liberty Avenue, Suite 1000
   Pittsburgh, PA 15222
   Phone: (412) 232-0404
   Fax: (412) 232-3441

2. **Set forth the general nature of the case** (patent, civil rights, anti-trust, class action, etc):

   This is a putative class action in which Plaintiff alleges accessibility barriers within Defendant's retail stores. Plaintiff has asserted claims for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, et. seq. (the "ADA").

3.  **Date Rule 26(f) Conference was held, the identification of those participating therein and the identification of any party who may not yet have been served or entered an appearance as of the date of said Conference:**

The Rule 26(f) conference was held on August 22, 2019.  Bryan Fox participated on behalf of Plaintiff.  Joseph Lynett and Jenna Decker participated on behalf of Defendant.

4.  **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**  *(Lead Trial Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference with their calendars in hand for the purpose of scheduling other pre-trial events and procedures, including a Post-Discovery Status Conference; Counsel and unrepresented parties shall attend the Rule 16 Initial Scheduling Conference prepared to discuss the anticipated number of depositions and identities of potential deponents and the anticipated dates by which interrogatories, requests for production of documents and requests for admissions will be served):*

The Fed. R. Civ. P. 16(b) Scheduling Conference is scheduled for **September 12, 2019 at 11:00 AM EST in Courtroom 6B**.

5.  **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

Neither party anticipates filing any dispositive motions, pursuant to Fed. R. Civ. P. 12. Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint on August 8, 2019.

6.  **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process.  Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

The parties have selected private mediation as set forth on the parties' contemporaneously filed ADR Stipulation. Consistent with the remedial provisions of the ADA, Plaintiff seeks declaratory and injunctive relief, as well as fees and costs.

7.  **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

None at this time.

8.  **Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Fed. R. Civ. P. Rule 23 are satisfied, including a preliminary inquiry into the merits of the case to ensure appropriate management of the case as a Class Action.  However, in order to ensure that a class certification decision be issued at an early practicable time, priority shall be given to discovery on**

**class issues. Once Class Certification is decided, the Court may, upon motion of a party, enter a second scheduling order, if necessary.**

**9.     Subjects on which class certification discovery may be needed. (By executing this report, no party shall be deemed to (1) have waived the right to conduct discovery on subjects not listed herein or (2) be required to first seek the permission of the Court to conduct discovery with regard to subjects not listed herein):**

**Plaintiff's statement:**

Plaintiff believes discovery prior to class certification should encompass issues limited to the facts and prerequisites necessary for this Court to determine the propriety of class certification. However, Plaintiff recognizes that class discovery and merits discovery are often intertwined and that for the Court to have an adequate record to permit it to perform a rigorous analysis regarding whether the elements of Rule 23 have been satisfied, some merits discovery will likely be necessary prior to the filing of Plaintiff's motion for class certification. Plaintiff anticipates that discovery will be needed in the following areas: nature and scope of the allegations in the Complaint, nature and scope of Defendant's affirmative defenses to the Complaint, the interior accessibility of Defendant's stores located in the United States (the geographic scope of this discovery might change as Plaintiff discovers details about Defendant's operational structure), Defendant's policies and practices related to accessibility of Defendant's stores located in the United States (the geographic scope of this discovery might change as Plaintiff discovers details about Defendant's operational structure), and Plaintiff's requested relief.

**Defendant's statement:**

Defendant agrees with Plaintiff's position, except notes that discovery of merits topics should be limited to their bearing on whether Plaintiff can affirmatively demonstrate that she satisfies her burden to establish that the case is appropriate to proceed under Fed. R. Civ. P. 23(b)(2). Namely, discovery should be properly centered on whether the final injunctive relief or corresponding declaratory relief sought is appropriate respecting the purported class as a whole and whether Plaintiff's claim is cohesive on a class basis.

**10.    Set forth suggested dates for the following:** The parties shall provide such information even if dispositive motions pursuant to Fed. R. Civ. P. 12 have been or are anticipated to be filed, except to the extent discovery and other proceedings have been or will be stayed under the Private Securities Litigation Reform Act or otherwise. If there are dates on which the parties have been unable to agree, set forth the date each party proposes and a brief statement in support of each such party's proposed date. Attach to this report form a proposed Court Order setting forth all dates agreed to below and leaving a blank for the insertion of a date by the Court for any date not agreed to:

   **a.    Date(s) on which disclosures required by Fed. R. Civ. P. 26(a) have been or will be made:**

September 27, 2019

    **b.    Date by which any additional parties shall be joined:**

October 11, 2019.

    **c.    Date by which the pleadings shall be amended:**

October 11, 2019.

    **d.    Date by which class certification discovery should be completed:**

February 21, 2020.

    **e.    Date by which plaintiff's expert reports as to class certification shall be filed:**

March 13, 2020.

    **f.    Date by which Defendant's expert reports as to class certification shall be filed:**

April 13, 2020.

    **g.    Date by which depositions of class certification experts must be completed:**

May 11, 2020.

    **h.    Plaintiff's Motion for Class Certification, Memorandum in Support, and all supporting evidence shall be filed by:**

July 2, 2020.

    **i.    Defendant's Memorandum in Opposition to Class Certification and supporting evidence shall be filed by:**

Thirty days after Plaintiff's motion for class certification has been filed.

    **j.    Plaintiff's Reply Memorandum in support of class certification, if any, shall be filed by:**

Twenty days after Defendant's brief in opposition to class certification has been filed.

    **k.    The Class Certification hearing shall be scheduled by the Court.**

**11.**    **After the resolution of the motion for class certification, the Court shall hold a Post-Certification Determination Conference to discuss how the case shall proceed in light of the disposition of the Class motion. If the parties wish to establish a schedule for**

>
> **post-Class Certification pretrial matters at this time, set forth suggest suggested dates for the following:**

The parties agree that a Post-Certification Determination Conference should be scheduled after the Court rules on Plaintiff's motion for class certification.

>
> a. **Date by which fact discovery should be completed: N/A**
>
> b. **Date by which plaintiff's expert reports should be filed: N/A**
>
> c. **Date by which depositions of plaintiff's expert(s) should be completed:  N/A**
>
> d. **Date by which Defendant's expert reports should be filed: N/A**
>
> e. **Date by which depositions of Defendant's expert(s) should be completed: N/A**
>
> f. **Date by which third party expert's reports should be filed: N/A**
>
> g. **Date by which depositions of third party's experts should be completed:  N/A**

12. **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations.**

    None at this time.

13. **Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

    a. **ESI.  Is either party seeking the discovery of ESI in this case**?

      _X_ Yes   ___No

    b. **ESI Discovery Plan:  The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2 C-CHECKLIST" to the Local Rules and:**

      _X_  Have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct e-discovery by working cooperatively as set forth in LCvR 26.2C.

      ____ Have developed an ESI discovery plan (as attached).

      ____ Will have an ESI discovery plan completed by _____.

    c.    **<u>Preservation</u>.  Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI?**

        _X_ Yes   ___No. The parties do not believe that a protocol for preservation is necessary.

    d.    **<u>ADR</u>.  Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case?**

        _X_ Yes   ___No

    e.    **<u>Clawback Agreement</u>.   The parties have reviewed F.R.C.P. 26(b)(5), F.R.E. 502 and <u>LCvR 16.1D</u>, Procedures Following Inadvertent Disclosure, and:**

        _X_  Request the Court enter an Order implementing Federal Rule of Evidence 502(d) such as the model Order set forth in "<u>Appendix LCvR 16.1.D</u>" to the Local Rules and filed with this Report.

        ___  Have agreed on alternative non-waiver language, which either is or will be incorporated within the ESI discovery plan.

        ___  Are unable to agree on appropriate non-waiver language.

    f.    **<u>EDSM and E-Mediator</u>.  Does any party believe that the appointment of an E-Discovery Special Master ("EDSM") or E-Mediator would help resolve ESI discovery issues in this case?**

        ___Yes _X_ No

    g.    **<u>Other</u>.  Identify all outstanding disputes concerning any ESI issues.**

Defendant is willing to forego a formal ESI Discovery plan in light of Plaintiff's agreement to cooperate regarding the considerations raised in LCvR26.2C – CHECKLIST, particularly with respect to considerations of proportionality and cost-saving/cost-sharing measures in light of the likely benefit of the proposed discovery.

**14.**    **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery; in either event the parties shall be prepared at the Post-Discovery Status Conference to discuss and/or schedule the following:**

The parties elect to schedule a Post-Certification Determination Conference and, therefore, will discuss how the case shall proceed in light of the status of the action at that time.

    a.    **Settlement and/or transfer to an ADR procedure; N/A**

      b.      **Dates for the filing of expert reports and the completion of expert discovery as itemized in sub-paragraphs 9.f. through 9.k., above, if the parties elected to defer such discovery until after the Post-Discovery Status Conference; N/A**

      c.      **Dates by which dispositive motions pursuant to Fed. R. Civ. P. 56, replies thereto and responses to replies should be filed; N/A**

      d.      **Dates by which parties' pre-trial statements should be filed; N/A**

      e.      **Dates by which *in limine* and *Daubert* motions and responses thereto should be filed; N/A**

      f.      **Dates on which motions *in limine* and *Daubert* motions shall be heard; N/A**

      g.      **Dates proposed for final pre-trial conference; N/A**

      h.      **Presumptive and final trial dates. N/A**

15.    **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

    The parties anticipate entering into a mutually agreeable protective order to protect the confidentiality of information exchanged in discovery.

16.    **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role**:

    The parties do not anticipate that the Court will have to appoint a special master to deal with any matter.

17.    **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached**:

    N/A.

18.    **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration**:

    The parties have not yet discussed possible resolution of this matter.

Dated: September 5, 2019

**CARLSON LYNCH LLP**

*/s/ R. Bruce Carlson*
R. Bruce Carlson
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243
bcarlson@carlsonlynch.com

*Counsel for Plaintiff*

**JACKSON LEWIS P.C.**

*/s/ Joseph J. Lynett*
Joseph J. Lynett
44 South Broadway, 14th Floor
White Plains, NY 10601
Phone: (914) 328-0404
Fax: (914) 328-1882
lynettj@jacksonlewis.com

Jenna M. Decker
1001 Liberty Avenue, Suite 1000
Pittsburgh, PA 15222
Phone: (412) 232-0404
Fax: (412) 232-3441
jenna.decker@jacksonlewis.com

*Counsel for Defendant*